UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
A & G, INC.,                                                   :
                                                               :
       Plaintiff/Counterclaim Defendant,      :
                                                               :
       -against-                              :   Case No.14-cv-7937
                                                               :
MOOYEON KIM,                                                   :
                                                               :
       Defendant/Counterclaim Plaintiff.      :
---------------------------------------------------------------x

## PLAINTIFF'S ANSWER TO DEFENDANT MOOYEON KIM'S COUNTERCLAIMS

Plaintiff A & G, Inc. ("A&G") files its files its Answer to Defendant Mooyeon Kim ("Kim")'s Counterclaims as follows:

### I.
### ANSWER

**PARTIES**

1.    A&G lacks sufficient information to admit or deny the allegations of Paragraph 1 of the Counterclaim.

2.    A&G admits the first sentence of Paragraph 2 of the Counterclaim. A&G admits that the individuals referenced in the Counterclaim were based in California.

**JURISDICTION AND VENUE**

3.    A&G admits that Kim asserts that he seeks recovery of more than $75,000.00, but denies that Kim is entitled to recover any amount from A&G. Inasmuch as the allegations in Paragraph 3 of the Counterclaim regarding subject matter jurisdiction are conclusions of law, A&G neither admits nor denies those allegations.

4.    A&G admits that it filed a lawsuit in this judicial district. A&G denies that it engages in substantial business in this district. A&G denies that it entered into contracts in this

district.  A&G denies that it entered into any agreements with Kim.  Inasmuch as the remaining allegations in Paragraph 4 of the Counterclaim regarding personal jurisdiction are conclusions of law, A&G neither admits nor denies those allegations.

5.   A&G denies that Kim suffered harm in this judicial district or in any other location.  A&G denies that any alleged events or omissions that allegedly gave rise to Kim's counterclaims occurred in this judicial district.  A&G admits that it filed a lawsuit against Kim in this judicial district.  The remaining allegations of Paragraph 5 regarding venue are conclusions of law that A&G neither admits nor denies.

**KIM'S ALLEGED FACTS**

6.   A&G denies the allegations of Paragraph 6 of the Counterclaim.

7.   A&G denies the allegations of Paragraph 7 of the Counterclaim.

8.   A&G denies the allegations of Paragraph 8 of the Counterclaim.

9.   A&G denies the allegations of Paragraph 9 of the Counterclaim.

10.  A&G denies that it made any false representations to Kim.  A&G denies that Kim protected the Alstyle brand.  A&G lacks sufficient information to admit or deny the remaining allegations of Paragraph 10 of the Counterclaim.

11.  A&G denies that it had any agreement with Kim.  Therefore, A&G denies that any sales to third parties of Alstyle merchandise that may be offered for resale in South Korea breached any agreement with Kim.

12.  A&G denies the allegations of Paragraph 12 of the Counterclaim.

13.  A&G denies any material omissions or representations on which Kim may have relied. A&G denies that Kim had any right to attempt to enforce A&G's trademarks.  A&G admits that Kim threatened legal action against other Alstyle customers selling Alstyle merchandise.

14. A&G lacks sufficient information to admit or deny the allegations in Paragraph 14 of the Counterclaim.

15. A&G denies the allegations of Paragraph 15 of the Counterclaim.

16. A&G denies the allegations of Paragraph 16 of the Counterclaim.

17. A&G denies the allegations of Paragraph 17 of the Counterclaim.

18. Paragraph 18 of the Counterclaim does not allege specific facts that A&G can either admit or deny.

19. A&G denies the allegations of Paragraph 19 of the Counterclaim.

20. A&G denies the allegations of Paragraph 20 of the Counterclaim.

21. A&G lacks sufficient information to admit or deny the allegations in Paragraph 21 of the Counterclaim.

22. A&G lacks sufficient information to admit or deny the allegations in Paragraph 22 of the Counterclaim.

23 A&G lacks sufficient information to admit or deny the allegations in Paragraph 23 of the Counterclaim.

24. A&G lacks sufficient information to admit or deny Kim's allegations regarding his state of mind as set forth in Paragraph 24 of the Counterclaim. A&G denies Kim had the status referenced in Paragraph 24 of the Counterclaim.

25. A&G denies the allegations of Paragraph 25 of the Counterclaim.

26. A&G admits that Kim met with Jim Gordon and others in California in 2011. A&G admits that Kim proposed an exclusive distributorship for South Korea, but A&G denies that Jim Gordon agreed to that proposal. A&G lacks sufficient information to admit or deny Kim's

allegations regarding any loans he may have received from third parties. A&G denies the remaining allegations of Paragraph 26 of the Counterclaim.

27. A&G admits that Kim communicated with Alstyle personnel in the fall of 2011. A&G denies that Kim communicated to A&G that he was acting as Alstyle's exclusive distributor for South Korea. Any e-mails sent by Kim speak for themselves. A&G denies that it had any obligation to refute any of Kim's statements or assumptions.

28. A&G denies the arguments and opinions set forth in Paragraph 28 of the Counterclaim.

29. A&G denies the allegations in Paragraph 29 of the Counterclaim.

30. A&G lacks sufficient information to admit or deny Kim's allegations regarding his state of mind as alleged in the second sentence of Paragraph 30 of the Counterclaim, but A&G denies that it made the promises described in the second sentence of Paragraph 30 of the Counterclaim. Kim's e-mails to Alstyle personnel speak for themselves. A&G denies that it failed to respond to Kim's e-mails. A&G denies that it communicated to Kim that he was Alstyle's only legitimate seller.

31. A&G lacks sufficient information to either admit or deny the allegations of Paragraph 31 of the Counterclaim.

32. Kim's e-mails speak for themselves. A&G lacks sufficient information to admit or deny the parenthetical reference to the alleged necessity of any warehouse referenced in Kim's e-mails. A&G admits that it did not question Kim's alleged decision to obtain a warehouse, but denies that A&G had any obligation to question Kim's business decisions about warehouse space.

33. Alstyle lacks sufficient information to either admit or deny the allegations of Paragraph 33 of the Counterclaim.

34. A&G lacks sufficient information to admit or deny Kim's alleged state of mind regarding his registration of the Alstyle trademark in South Korea. A&G admits that Kim attempted to register Alstyle's trademark in his own name in South Korea, but A&G contends that Kim's unauthorized registration is subject to cancellation. A&G denies the second sentence of Paragraph 34 of the Counterclaim.

35. A&G denies the first sentence of Paragraph 35 of the Counterclaim. Any e-mails exchanged between Kim and Alstyle personnel speak for themselves.

36. A&G admits that Mr. Suh was assigned as Mr. Kim's sales representative in early 2012.

37. A&G lacks sufficient information to admit or deny the allegations of Paragraph 37 of the Counterclaim.

38. A&G admits that Mr. Kim was informed by Mr. Suh that pricing information provided to Mr. Kim in 2012 concerned special promotional prices that were available at that time. A&G denies the remaining allegations of Paragraph 38 of the Counterclaim.

39. A&G denies the allegations of Paragraph 39 of the Counterclaim.

40. A&G denies the allegations of Paragraph 40 of the Counterclaim.

41 A&G lacks sufficient information to admit or deny Kim's allegations regarding his state of mind or what he observed or experienced with competitors. A&G denies the remaining allegations of Paragraph 41 of the Counterclaim.

42. A&G admits that Kim made multiple requests for price lists, but A&G denies that it publishes any comprehensive price lists. A&G admits that it has provided limited pricing information to Kim from time to time, but A&G denies that it ever promised to supply merchandise at specific prices on a continuing basis.

43	A&G lacks sufficient information to admit or deny that Kim logged onto the Alstyle website in June 2013, but denies the remaining allegations of Paragraph 43 of the Counterclaim.

44.	A&G denies the allegations of Paragraph 44 of the Counterclaim.

45.	A&G denies the allegations of Paragraph 45 of the Counterclaim.

46.	A&G denies the allegations of Paragraph 46 of the Counterclaim.

47.	A&G admits that Kim questioned Mr. Suh about Alstyle's pricing and that Kim was informed that there had been no overcharges.

48.	A&G lacks sufficient information to admit or deny the allegations of Paragraph 48 of the Counterclaim.

49.	Kim's e-mails speak for themselves. A&G denies any promised provision of Alstyle merchandise at specific prices on an ongoing basis.

50.	Mr. Suh's e-mails speak for themselves. A&G denies the second sentence of Paragraph 50 of the Counterclaim.

51.	The allegations in Paragraph 51 of the Counterclaim do not require a response because they are duplicative of the allegations in Paragraph 21 of the Counterclaim.

52.	The allegations in Paragraph 52 of the Counterclaim do not require a response because they are duplicative of the allegations in Paragraph 22 of the Counterclaim.

53.	The allegations in Paragraph 53 of the Counterclaim do not require a response because they are duplicative of the allegations in Paragraph 23 of the Counterclaim.

54.	The allegations in Paragraph 54 of the Counterclaim do not require a response because they are duplicative of the allegations in Paragraph 24 of the Counterclaim.

55.	A&G denies the allegations of Paragraph 55 of the Counterclaim.

56.	A&G denies the allegations of Paragraph 56 of the Counterclaim.

## COUNTERCLAIM I

57. A&G adopts and incorporates by reference its responses to the allegations contained in Paragraphs 1-56 of the Counterclaim as if fully set forth herein.

58. A&G denies the allegations of Paragraph 58 of the Counterclaim.

59. A&G denies the allegations of Paragraph 59 of the Counterclaim.

60. A&G denies the allegations of Paragraph 60 of the Counterclaim.

61. A&G denies the allegations of Paragraph 61 of the Counterclaim.

62. A&G denies the allegations of Paragraph 62 of the Counterclaim.

63. A&G denies the allegations of Paragraph 63 of the Counterclaim.

64. A&G admits that Kim sent e-mails to various Alstyle personnel, but A&G contends that those e-mail speak for themselves. A&G denies the remaining allegations of Paragraph 64 of the Counterclaim.

65. A&G denies the allegations of Paragraph 65 of the Counterclaim.

66. A&G denies the allegations of Paragraph 66 of the Counterclaim.

67. A&G denies the allegations of Paragraph 67 of the Counterclaim.

68. A&G denies the allegations of Paragraph 68 of the Counterclaim.

## COUNTERCLAIM II

69. A&G adopts and incorporates by reference its responses to the allegations contained in Paragraphs 1-68 of the Counterclaim as if fully set forth herein.

70. A&G denies the existence and terms of the alleged contract between Kim and A&G as alleged in Paragraph 70 of the Counterclaim.

71. A&G denies the first sentence of Paragraph 71 of the Counterclaim. With respect to the second sentence of Paragraph 71 of the Counterclaim, any e-mails by Kim will speak for themselves.

72. A&G denies the allegations of Paragraph 72 of the Counterclaim.

73. A&G denies the allegations of Paragraph 73 of the Counterclaim.

74. A&G denies the allegations of Paragraph 74 of the Counterclaim.

75. A&G denies the allegations of Paragraph 75 of the Counterclaim.

76. A&G denies the allegations of Paragraph 76 of the Counterclaim.

**COUNTERCLAIM III**

77. A&G adopts and incorporates by reference its responses to the allegations contained in Paragraphs 1-76 of the Counterclaim as if fully set forth herein.

78. The allegations of an existence of an implied contract in Paragraph 78 of the Counterclaim are conclusions of law to which no response is required. A&G denies the remaining allegations in Paragraph 78 of the Counterclaim.

79. A&G denies that it entered into any agreement with Kim, implied or otherwise. A&G denies the existence and terms of the alleged implied contract as set forth in Paragraph 79 of the Counterclaim.

80. A&G denies that Kim's e-mails to Alstyle personnel confirmed any terms of an agreement between Kim and A&G. A&G denies that Kim and A&G were parties to a contract, implied or otherwise.

81. A&G denies the allegations of Paragraph 81 of the Counterclaim.

82. A&G denies the allegations of Paragraph 82 of the Counterclaim.

83. A&G denies the allegations of Paragraph 83 of the Counterclaim.

84. A&G denies the allegations of Paragraph 84 of the Counterclaim.

85. A&G denies the allegations of Paragraph 85 of the Counterclaim.

**COUNTERCLAIM IV**

86. A&G adopts and incorporates by reference its responses to the allegations contained in Paragraphs 1-85 of the Counterclaim as if fully set forth herein.

87. A&G denies the allegations of Paragraph 87 of the Counterclaim.

88. A&G denies the allegations of Paragraph 88 of the Counterclaim.

89. A&G denies the allegations of Paragraph 89 of the Counterclaim.

90. A&G denies the allegations of Paragraph 90 of the Counterclaim.

91. A&G denies the allegations of Paragraph 91 of the Counterclaim.

**COUNTERCLAIM V**

92. A&G adopts and incorporates by reference its responses to the allegations contained in Paragraphs 1-91 of the Counterclaim as if fully set forth herein.

93. Paragraph 93 of the Counterclaim states conclusions of law for which no response is required. To the extent that a response is required, A&G denies the allegations of Paragraph 93 of the Counterclaim.

94. A&G denies the allegations of Paragraph 94 of the Counterclaim.

**COUNTERCLAIM VI**

95. A&G adopts and incorporates by reference its responses to the allegations contained in Paragraphs 1-94 of the Counterclaim as if fully set forth herein.

96. Paragraph 96 of the Counterclaim state conclusions of law for which no response is required. To the extent that a response is required, A&G denies the allegations of Paragraph 96 of the Counterclaim.

97. A&G lacks sufficient information to admit or deny the first sentence of Paragraph 97 of the Counterclaim.  A&G admits the allegations in the second sentence of Paragraph 97 of the Counterclaim.  A&G denies that A&G entered into various agreements with Kim as alleged in the third sentence of Paragraph 97 of the Counterclaim.  A&G denies Kim's allegations of misrepresentations and material omissions and "bait and switch activities regarding pricing" set forth in the last sentence of Paragraph 97 of the Counterclaim.

98. A&G denies the allegations of Paragraph 98 of the Counterclaim.

**COUNTERCLAIM VII**

99. A&G adopts and incorporates by reference its responses to the allegations contained in Paragraphs 1-98 of the Counterclaim as if fully set forth herein.

100. To the extent that Paragraph 100 of the Counterclaim states Kim's conclusions of law, no response to those conclusions of law is required.  Otherwise, A&G denies the allegations set forth in Paragraph 100 of the Counterclaim.

101. A&G lacks sufficient information to admit or deny the first sentence of Paragraph 101 of the Counterclaim.  A&G admits the allegations in the second sentence of Paragraph 101 of the Counterclaim.  A&G denies that A&G entered into various agreements with Kim as alleged in the third sentence of Paragraph 101 of the Counterclaim.  A&G denies Kim's allegations of misrepresentations and material omissions and "bait and switch activities regarding pricing" set forth in the last sentence of Paragraph 101 of the Counterclaim.

102. A&G denies the allegations of Paragraph 102 of the Counterclaim.

**PRAYER FOR RELIEF**

103. A&G denies that Kim is entitled to any of the relief requested in his Prayer for Relief.

## II.
## GENERAL DENIAL

104.   A&G further denies each and every allegation of the Counterclaim not specifically admitted herein.

## III.
## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

105.   Kim's counterclaims are barred, in whole or in part, by the applicable statutes of limitations.

### SECOND AFFIRMATIVE DEFENSE

106.   Kim's counterclaims are barred, in whole or in part, by the equitable doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

107.   Kim's counterclaims are barred, in whole or in part, by the equitable doctrine of waiver, estoppel and laches.

### FOURTH AFFIRMATIVE DEFENSE

108.   Kim's counterclaims are barred, in whole or in part, by Kim's lack of standing.

### FIFTH AFFIRMATIVE DEFENSE

109.   Kim's counterclaims are barred, in whole or in part, because Kim has failed to assert claims upon which relief may be granted.

### SIXTH AFFIRMATIVE DEFENSE

110.   Kim's fraud counterclaim is barred, in whole or in part, because Kim has failed to plead fraud with the specificity required under the Federal Rules of Civil Procedure.

## SEVENTH AFFIRMATIVE DEFENSE

111.    Kim's counterclaims are barred, in whole or in part, by the statute of frauds.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff A & G, Inc. respectfully requests that Defendant Mooyeon Kim take nothing on his counterclaims, and that A&G be awarded such other and further relief, at law or in equity, to which it may be justly entitled.

Dated: New York, New York
January 12, 2015

>
> Respectfully submitted,
>
> GUS & GILBERT LAW FIRM, P.C.
>
> By:___/s/ Dan Gus_____
> Dan Gus (admitted pro hac vice)
> 209 E. Main Street
> Waxahachie, TX 75165
> Telephone: (214) 960-4116
> Facsimile:  (214) 960-4140
>
> Mitchell C. Stein, Esq.
> SULLIVAN & WORCESTER LLP
> 1633 Broadway, 32nd Floor
> New York, NY  10019
> Telephone:  (212) 660-3000
> Facsimile:  (212) 660-3001
> Email:  mstein@sandw.com
>
> *Attorneys for Plaintiff A & G, Inc.*

## CERTIFICATE OF SERVICE

This will certify that on January 12, 2105, a true and correct copy of Plaintiff's Answer to Defendant Mooyeon Kim's Counterclaim was served on Defendant's counsel of record via the Court's CM/ECF system.

>  __/s/ Dan Gus_____
> Dan Gus

**PLAINTIFF'S ANSWER TO DEFENDANT MOOYEON KIM'S COUNTERCLAIM – Page 12**