

**209 E. Main Street**
**Waxahachie, Texas 75165**
**(214) 960-4116 (Tel.)**
**(214) 960-4140 (Fax)**
**www.gus-gilbert.com**

**Dan Gus**
**Direct Dial: (972) 330-2775**
**Direct Fax: (214) 960-4140**
**dan@gus-gilbert.com**

January 14, 2015

**VIA ELECTRONIC FILING AND E-MAIL**
The Honorable Richard J. Sullivan, United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      RE:    *A & G, Inc. v. Mooyeon Kim*, Case No, 14-CV-7937

Dear Judge Sullivan:

This joint letter is submitted by the parties in accordance with the Court's Order dated January 6, 2015 and addresses the topics set forth in the Order.

**1.    A brief statement of the nature of the action and the principal defenses thereto**

      Plaintiff A & G, Inc. ("A&G") alleges against Defendant Mooyeon Kim ("Kim") claims of trademark infringement and prohibited cyberpiracy under the Lanham Act as well as copyright infringement under the United States Copyright Act relating to A&G's Alstyle Apparel marks and copyrighted materials. A&G alleges Kim has used A&G's registered trademarks and the Alstyle name in the creation of an unauthorized Korean language Alstyle website and social media accounts on Facebook and Twitter. Through these media, Kim markets Alstyle merchandise alongside the merchandise of Alstyle's principal competitors in the apparel industry. A&G alleges Kim has infringed A&G's copyrights through the unauthorized reproduction of A&G's copyright-protected marketing materials. In addition to the foregoing, Kim has attempted to register the Alstyle marks in his own name in South Korea and has claimed the exclusive right to export Alstyle merchandise for sale in South Korea. Kim has threatened legal action against other Alstyle customers who export Alstyle merchandise for resale in South Korea. A&G seeks an award of injunctive relief and either its actual damages or statutory damages in addition to its attorney's fees and costs.

      Kim contends that the Court lacks subject matter jurisdiction over A&G's claims because Kim contends that all of his allegedly infringing conduct has occurred outside the United States and was targeted solely to South Korea. Kim asserts twenty-one affirmative defenses against A&G's claims and has asserted seven different state law causes of action against A&G by way of

The Honorable Richard J. Sullivan
January 14, 2015
Page 2 of 4

counterclaim. Kim's counterclaims are premised on the core allegations that he and A&G entered into an agreement or that A&G misrepresented to him that he would be Alstyle's exclusive distributor for South Korea and that no other Alstyle customers would receive lower pricing than Kim. Kim seeks actual and punitive damages in excess of $75,000.00 and injunctive relief prohibiting A&G from: 1) taking any measure that will result in interference with Kim's ongoing business operations in South Korea; 2) denying that Kim is an exclusive distributor of Alstyle products in South Korea to third parties; and 3) selling any Alstyle products to other distributors or wholesale importers in South Korea or with any knowledge that the products sold to other distributors or wholesale importers are intended to be resold in South Korea.

A&G denies that it has a contract with Kim and denies that Kim was ever assured that he would have an exclusive distributorship and that he would be charged the lowest prices for Alstyle merchandise. In addition to disputing the factual merits of Kim's counterclaims, A&G asserts as affirmative defenses that Kim's claims are barred, in whole or in part, by applicable statutes of limitations, the doctrines of unclean hands, waiver, estoppel and laches. A&G further claims that: 1) Kim has failed to assert claims upon which relief may be granted; 2) Kim lacks standing to assert claims against Alstyle; and 3) Kim has failed to plead fraud with the specificity required under the Federal Rules of Civil Procedure.

2. **A brief explanation of why jurisdiction and venue lie in this Court**

A&G contends that the Court has federal subject matter jurisdiction over this matter because A&G asserts claims arising under federal law. Kim contests subject matter jurisdiction as described above. To the extent subject matter jurisdiction exists, the parties agree that venue is appropriate in this Court because Defendant Mooyeon Kim resides in the Southern District of New York.

3. **Description of all outstanding motions and/or outstanding requests to file motions.**

There are no outstanding motions or requests to file motions.

4. **A brief description of any discovery that has already taken place, and that which will be necessary for the parties to engage in meaningful settlement negotiations.**

Defendant Mooyeon Kim served requests for production of documents and Interrogatories. No other discovery has taken place. The parties have engaged in ongoing settlement discussions, but settlement does not appear imminent or likely at this stage of the case. . The parties believe that they will have to complete written discovery and fact witness depositions before further settlement discussions will be productive.

5. **Preliminary issues that are likely to arise that will require court intervention.**

Defendant has requested documents from A&G that contain trade secrets or other confidential and proprietary information. A&G believes that entry of either an agreed or contested protective order will be necessary. Kim would be willing to enter into an agreed

stipulation on a protective order within reason. The parties have not begun any negotiations on any protective order.

There is the possibility that Kim will want to add parties affiliated with A&G to his Counterclaims. To the extent there is a dispute on that issue, Court intervention might be necessary.

**6.    Proposed Discovery**

a. With the exception of the disclosures required by Rule 26(a)(1)(A)(i), the parties agree other means of discovery would be more appropriate means for the request and production of information that might otherwise be required as part of each party's initial disclosures. Therefore, the parties propose that their respective initial disclosures be limited to the information specified in Rule 26(a)(1)(A)(i).

b. The parties do not envision the need to stay or limit discovery pending a dispositive motion.

c. No special limitations on document preservation are required.

d. No special limitations on types of discovery beyond those in the Rules are required.

e. No special limitations on the scope of discovery are required. However, a protective order is likely required as indicated above.

f. The parties agree that a party shall not be entitled to depose the other party's witnesses unless and until that party has responded to the other party's initial written discovery requests.

g. The parties are not yet able to determine whether there should be limitations placed on the restoration of electronically-stored information.

h. Special limitations on depositions are not required. However, to the extent that certain witnesses require translation assistance during their depositions, the time limitations under the Rules may need to be relaxed for those witnesses. The parties anticipate full cooperation in such matters and do not envision the necessity of Court intervention.

i. The parties agree that any person named as a trial witness in the naming party's control shall be made available for deposition prior to trial if not already deposed at the time the person is named as a trial witness.

j. The parties are not aware of any special circumstances requiring preservation depositions.

The Honorable Richard J. Sullivan
January 14, 2015
Page 4 of 4

k. Defendant represents that he is a citizen of Korea and that he does business in South Korea. It is anticipated that there will be a need for certified translation of documents. Whether there is a need for discovery in Korea (including any need for preservation depositions) has not yet been determined. The possibility of foreign discovery as well as the use of third-party vendors to provide translation of documents may create delays that may necessitate extension of discovery deadlines.

l. Expert discovery should precede summary judgment motions.

**7.  Discovery regarding damages**

Discovery regarding damages should be conducted in the course of ordinary fact discovery and through expert witness discovery as necessary. No special sequencing of damages discovery is required.

**8.  Prior settlement discussions**

Defendant's counsel made a pre-answer settlement proposal in writing on December 15, 2014 in response to Plaintiff's pre-suit demand letter. That settlement proposal was rejected on or about that date. Plaintiff's counsel tendered a written settlement proposal on January 8, 2015. Defendant rejected that settlement proposal on January 9, 2015 by written correspondence from his counsel. Defendant made a written settlement proposal on January 13, 2014 through his counsel. Plaintiff rejected that settlement proposal that same day through its counsel. Settlement does not appear imminent or likely at this stage of the case.

**9.  Estimated length of trial.**

The parties estimate that three days will be required for trial.

**10.  Any other information that you believe may assist this Court in resolving this matter.**

None at this time.

Respectfully submitted,

_/s/ Dan Gus_____
Dan Gus
Counsel for Plaintiff/Counter-Defendant


_/s/ Brad Newberg_____
Brad Newberg
Counsel for Defendant/Counter-Plaintiff