USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-28-15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

A&G, INC.

Plaintiff[s],

-v-

MOOYEON KIM

Defendant[s].

No. 14 Civ. 7937 (RJS)
CASE MANAGEMENT PLAN AND
SCHEDULING ORDER

RICHARD J. SULLIVAN, District Judge:

Pursuant to Rules 16-26(f) of the Federal Rules of Civil Procedure, the Court hereby adopts the following Case Management Plan and Scheduling Order.

1. All parties (consent) (**do not consent**) to disposition of this case by a Magistrate Judge, pursuant to 28 U.S.C. § 636(c). [*Please circle one.*] [*If all consent, the remainder of the Order need not be completed at this time.*]

2. This case (**is**) (is not) to be tried to a jury. [*Please circle one.*]

3. No additional parties may be joined except with leave of the Court.

4. Amended pleadings may not be filed except with leave of the Court.

5. Initial disclosures pursuant to Rule 26(a)(1) shall be completed no later than **January 20, 2015**. [*Absent exceptional circumstances, within fourteen (14) days of the date of the parties' conference pursuant to Rule 26(f).*]

6. All *fact* discovery is to be completed no later than **July 1, 2015**. [*A period not to exceed 120 days unless the case presents unique complexities or other exceptional circumstances*].

7. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in ¶ 6 above.

   a. Initial requests for production of documents shall be served by **January 26, 2015**.

b. Interrogatories shall be served by June 1, 2015.

c. Depositions shall be completed by July 1, 2015.

   i. Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

   ii. There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

   iii. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

d. Requests to Admit shall be served no later than June 1, 2015.

8. All *expert* disclosures, including reports, production of underlying documents, and depositions shall be completed pursuant to the following deadlines:

   a. Expert(s) of Plaintiff(s)  Party with burden of proof must disclose supporting experts by July 8, 2015. Depositions of such experts must be completed by August 10, 2015.

   b. Expert(s) of Defendant(s)  Rebuttal experts must be disclosed by August 10, 2015. Depositions of such experts must be completed by September 10, 2015.
   
   *[The parties shall be prepared to describe their contemplated expert discovery and the bases for their proposed deadlines at the initial conference.]*

9. All discovery shall be completed no later than September 10, 2015.

10. The parties shall submit a Joint Preliminary Trial Report no later than September 17, 2015 *[To be submitted no more than 14 days after the close of all discovery]*, setting forth the following:

   a. The full caption of the action;

   b. The name, address, telephone number, fax number and email address of each principal member of the trial team, and an identification of each party's lead trial counsel;

   c. A list of each claim and defense that will be tried and a list of any claims and defenses asserted in the pleadings that are not to be tried;

   d. An identification of the governing law for each claim and defense that will be tried and a brief description of any dispute regarding choice of law;

   e. The number of days currently estimated for trial and whether the case is to be tried with or without a jury;

   f. A statement indicating whether all parties have consented to trial by a magistrate

judge, without identifying which parties do or do not consent; and

    g.    A brief description of any summary judgment motion a party intends to file, including a statement identifying whether expert testimony will be offered in support of the motion.

11.    The Court will conduct a post-discovery conference on <u>October 1, 2015 at 4:00 p.m.</u> *[To be completed by the Court.]*

12.    If either party contemplates a motion, the post-discovery conference will function as a pre-motion conference. Pre-motion letters are to be submitted by <u>September 17, 2015</u>. *[To be completed by the Court.]* Pursuant to Rule 2.A of the Court's Individual Practices, responses to pre-motion letters are to be submitted within three business days from the date of submission of the initial pre-motion letter. Pre-motion letters and responses shall be submitted pursuant to Rule 1.A of the Court's Individual Rules of Practice.

13.    If neither party contemplates a dispositive motion, the post-discovery conference will function as a pre-trial conference at which a trial date will be set.

14.    Counsel for the parties request a settlement conference before a Magistrate Judge or the Southern District's Mediation Program and request: *[Please check one. All counsel must meet for at least one hour to discuss settlement not later than two weeks following the close of fact discovery.]*

    a.    __X__ Referral to a Magistrate Judge for settlement discussions

    b.    _____ Referral to the Southern District's Mediation Program

*[Note that all employment discrimination cases, except cases brought under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq., are designated for automatic referral to the Court's Alternative Dispute Resolution program of mediation. Accordingly, counsel in such cases should select 13(b) above.]*

The parties are to contact <u>Magistrate Judge Henry B. Pitman</u> by <u>April 15, 2015</u>. *[To be completed by the Court after consultation with the parties.]*

15.    Parties have conferred and their present best estimate of the length of trial is <u>Three (3) days</u>.

16.    In the case of a discovery dispute, unless otherwise directed, parties should describe their discovery disputes in a <u>single letter, jointly composed, not to exceed five pages</u>. Separate and successive letters will not be read. Strict adherence to Fed. R. Civ. P. 37(a)(1), the "meet and confer" rule, is required, and should be described in the joint submission as to time, place and duration, naming the counsel involved in the discussion. The joint letter

shall describe concisely the issues in dispute and the respective position of each party, citing the applicable authority that the respective parties claim for support. As a general matter, affidavits or exhibits are **not** permitted in connection with discovery dispute letters without prior written request and permission. However, when the dispute concerns the refusal to respond to a specific written request, the parties shall attach that request. If an opposing party refuses to participate in writing a joint letter or does not provide its portion of a joint letter within 72 hours of a party's request, a party may submit a letter without the opposing party's contribution and shall attach a copy of the correspondence seeking the opposing party's contribution.

17. No request for an extension of the deadlines set forth in ¶¶ 6 or 9 shall be granted unless the parties seeking the extension show good cause for the extension and specifically explain (1) what discovery has already been completed, (2) what discovery remains to be done, and (3) why the parties were unable to comply with the preexisting deadlines. As a general matter, the Court will not adjourn a deadline by more than the number of days remaining from the time of the request to the original deadline. (That is, if at the time of the request there are twenty days left before the deadline, the Court will not adjourn the deadline more than twenty days.)

SO ORDERED.

DATED: Jan. 28, 2015
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

4